**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN BATTLES, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:23-cv-00063-HEA |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Justin Battles to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion will be denied.

On June 29, 2021, movant pled guilty to being a felon in possession of one or more firearms. *United States v. Battles*, No. 4:19-CR-987 HEA. On September 21, 2021, the Court sentenced him to 30 months' imprisonment. He did not appeal. Nor did he file a timely § 2255 motion.

Movant argues that a recent Supreme Court case is retroactively available on collateral review and that the National Firearms Act is unconstitutional. Specifically, he argues that the Court's holdings in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) requires the Court to vacate his sentence.

Movant brings his challenge to 18 U.S.C. § 922(g)(1), alleging that his conviction for being a felon in possession of a firearm is inconsistent with the text and history of the Second Amendment and is therefore unconstitutional under *Bruen.* In *Bruen*, the Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" and the Government must "demonstrate that the regulation

is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. *Bruen* confines its holding to the context of regulations that "burden a *law-abiding citizen's* right to armed self defense." *Id.* at 2133 (emphasis added). Movant is not a law-abiding citizen, "and regulations governing non-law abiding citizens' use of firearms do not implicate *Bruen*." *See United States v. Nevens*, 2022 WL 17492196, *2 (C.D. Ca. Aug. 15, 2022) (citing *People v. Rodriguez*, 2022 WL 2797784, *3 (N.Y. Sup. Ct. July 15, 2022) ("Defendant misreads *Bruen* as eviscerating the police powers of State to address criminality, or as applying to anyone other than law-abiding citizens.")).

Additionally, movant's motion is time-barred. *Braun* did not announce a new rule retroactively available on collateral review. It was a statutory interpretation case, not a substantive constitutional challenge under the Due Process Clause. *See, e.g., Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (finding "*Mathis* did not announce [a new rule made retroactive by the Supreme Court]; it is a case of statutory interpretation."). Therefore, the one-year limitations period was not reopened under § 2255(f)(3).

There are no available arguments that might entitle movant to equitable tolling. As a result, this action is dismissed.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Justin Battles to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed with this Opinion, Memorandum, and Order.

Dated this 20th  day of January , 2023.

                                                                  _____
                                                                  HENRY EDWARD AUTREY
                                                                  UNITED STATES DISTRICT JUDGE